UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Royale Anthony Jackson,<br><br>    Plaintiff,<br><br>v.<br><br>State of Nevada,<br><br>    Defendant. | Case No. 2:22-cv-01036-GMN-DJA<br><br>**Order**<br>**and**<br>**Report and Recommendation** |

  This matter is before the court on *pro se* Plaintiff Royale Anthony Jackson's application to proceed *in forma pauperis* (ECF No. 1), filed on June 30, 2022. Plaintiff brings a lawsuit challenging court orders related to his conviction and resulting sentence in Nevada state court. (ECF No. 1-1). Plaintiff alleges that the grand jury and the Nevada state court violated his constitutional rights and that, because he owns the property at which he was arrested for trespassing, his conviction is invalid.

**I.** ***In forma pauperis* application.**

  Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant Plaintiff's request to proceed *in forma pauperis*. The court now screens Plaintiff's complaint.

**II.** **Screening.**

  Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act

requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff seeks to overturn his state court conviction and for the Court to give Plaintiff possession of the property where he was arrested for trespassing. (ECF No. 1-1). As a preliminary matter, it is unclear if Plaintiff is currently incarcerated or under supervision. His application to proceed *in forma pauperis* indicates he is homeless (albeit in the wrong section of the form). (ECF No. 1 at 3). But Plaintiff's complaint appears to include an inmate number. (ECF No. 1-1 at 1). And while Plaintiff lists the address of the property he alleges he owns as his mailing address, mail to Plaintiff at that address has been returned as undeliverable and many of the documents Plaintiff attaches indicate that the home is occupied by someone else. (ECF No. 4); (ECF No. 3-1 at 5); (ECF No. 6 at 6).

Additionally, Plaintiff's initial complaint—attempting to appeal state court orders—and his later supplement—titled as a petition for a writ of habeas corpus—indicate that he is attempting to file a habeas petition. (ECF No. 3-1). However, if a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Plaintiff's complaint directly attacks the validity of his criminal conviction. But Plaintiff does not allege his conviction or sentence has been reversed or otherwise invalidated. And to the extent Plaintiff is attempting to file a habeas petition, he has not used the correct form. Given that this § 1983 case necessarily implies the invalidity of Plaintiff's conviction or sentence, the court will recommend that Plaintiff's complaint be dismissed without leave to amend.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of the Information and Instructions for Filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. This form can also be found at: chrome-

extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf.

## RECOMMENDATION

**IT IS RECOMMENDED** that the complaint (ECF No. 1-1) be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's petition for writ of habeas corpus (ECF No. 3), motion to intervene (ECF No. 6), motion for summary judgment (ECF No. 11), and motion for judgment on the pleadings (ECF No. 13) be denied as moot.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 29, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE