# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROYALE ANTHONY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:22-cv-01036-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NEVADA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff Royale Anthony Jackson's ("Plaintiff's") Objection (ECF No. 17), to the Magistrate Judge's Order and Report and Recommendation ("R&R"), (ECF No. 15), recommending that the Court dismiss Plaintiff's Complaint, (ECF No. 1-1), with prejudice for failure to state a claim upon which relief can be granted.

Also pending before the Court is Plaintiff's Writ of Habeas Corpus, (ECF No. 3), Motion to Intervene, (ECF No. 6), Motion for Summary Judgment Defendant, (ECF No. 11), and Motion for Judgment on the Pleadings, (ECF No. 13).

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection, **ADOPTS in full** the Magistrate Judge's Report and Recommendation, and **DENIES as moot** Plaintiff's Writ of Habeas Corpus, Motion to Intervene, Motion for Summary Judgment, and Motion for Judgment on the Pleadings.

## I.     BACKGROUND

This case arises out of Plaintiffs' allegations regarding his ownership of real property located at 608 Holland Avenue, Las Vegas, Nevada, 89106 (the "Property").  Plaintiff alleges that the Property was previously owned by his "foremother," who died "in possession of the [the Property]" in 2016. (Pet. Writ Habeas Corpus 3:4–5, ECF No. 3-1).  Plaintiff thereby

asserts he inherited the property. (*Id.* 3:5).  However, contrary to Plaintiff's assertion, Wilmington Savings Fund Society FSB had title to the Property before selling the Property to Brian Davila LTD, LCC in September 2020. (Order 1:20–22, Ex. 3 to Obj., ECF No. 17).  The Property has since been leased to Rachel Bley.[1] (*Id.*).  Despite not occupying or having title to the Property, Plaintiff nevertheless entered the Property between January 29, 2021, and March 19, 2021. (Indictment 5:17–25, Ex. A to Pet. Writ Habeas Corpus, ECF No. 3-1).  Due to his trespass, Plaintiff was convicted in state court of burglary. (Obj. 2:3–7, ECF No. 17).

Plaintiff brought the instant Complaint and supplemental Writ of Habeas Corpus, alleging that pursuant to 42 U.S.C. § 1983, his state court conviction wrongfully imprisoned him for trespassing on his own land in violation of his constitutional rights. (Obj. 2:12–21); (Pet. Writ Habeas Corpus 1:10–11).  Plaintiff therefore seeks to overturn his state court conviction and for the Court to recognize Plaintiff as the rightful owner of the Property. (*See generally* Compl. ECF No. 1-1).  The Magistrate Judge entered an R&R, recommending dismissal of Plaintiff's Complaint for failure to state a claim upon which relief could be granted. (*See* R&R 4:4–9, ECF No. 15).  Plaintiff filed an Objection to the R&R. (*See generally* Obj.).

## II.   LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992).  "An order is

---

[1] Furthermore, the Magistrate Judge noted that despite Plaintiff listing the address of the Property as his mailing address, "mail to Plaintiff at that address has been returned as undeliverable and many of the documents Plaintiff attaches indicate that the home is occupied by someone else." (R&R 2:25–28, ECF No. 15).

1    contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of

2    procedure." *Kennison v. DeCarlo*, No. 2:21-cv-02210, 2022 WL 231763, at *1 (D. Nev. June

3    28, 2022).  When reviewing the order, however, the magistrate judge "is afforded broad

4    discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245

5    F.R.D. 443, 446 (C.D. Cal. 2007).  The district judge "may not simply substitute its judgment"

6    for that of the magistrate judge. *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 241

7    (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

8    **III.   DISCUSSION**

9         The Magistrate Judge recommends that the Court should dismiss with prejudice

10   Plaintiff's § 1983 claim and deny as moot Plaintiff's Petition for Writ of Habeas Corpus,

11   Motion to Intervene, Motion for Summary Judgment, and Motion for Judgment on the

12   Pleadings. (R&R 4:5–9).  Plaintiff objects, contending that as the rightful owner of the

13   Property, he cannot be convicted for trespassing on his own property. (Obj. 2:12– 2:21).  The

14   Court will first examine the Magistrate Judge's reasoning.

15        In the R&R, the Magistrate Judge noted that "Plaintiff's [C]omplaint directly attacks the

16   validity of his criminal conviction." (R&R 3:11).  The Magistrate Judge further observed that

17   "if a § 1983 case seeking damages alleges constitutional violations that would necessarily

18   imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying

19   sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar

20   proceeding." (*Id*. 3:3–7); *see Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing

21   *Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994).  Therefore, because Plaintiff did not allege

22   that his conviction or sentence has been reversed or otherwise invalidated, the Magistrate Judge

23   found that Plaintiff's § 1983 claim fails as a matter of law. (R&R 3:11–15).

24        Here, Plaintiff does not address the Magistrate Judge's reasoning in the Objection. (*See

25   generally* Obj.).  Instead, Plaintiff relies on *State of Nevada v. White*, for the proposition that

"[a] person cannot commit burglary of a home when he or she has an absolute right to enter the home," and that "[t]his rule applie[s] not only to sole owners of home, but also joint occupants, and thus the important fact [is] occupancy, rather than ownership." 330 P.3d 482, 484–85 (Nev. 2014); (*State of Nevada v. White* Opinion, Ex. 4 to Obj., ECF No. 17).  Plaintiff's argument reaffirms that he is attacking the validity of his state criminal conviction.  However, the Court cannot find that Plaintiff did not trespass into the Property because such a decision would necessarily imply the invalidity of his state conviction and sentence. *See Whitaker*, 486 F.3d at 581.

Therefore, the Court denies Petitioner's Objection and adopts the R&R as to its recommendation that Plaintiff's § 1983 claim be dismissed with prejudice for failure to state a claim as a matter of law.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

**IV.    CONCLUSION**

2       **IT IS HEREBY ORDERED** that Plaintiff's Objection, (ECF No. 17), is **DENIED**.

3       **IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 15), is

4  **ADOPTED in full**.

5       **IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1-1), is

6  **DISMISSED** with prejudice.

7       **IT IS FURTHER ORDERED** that Plaintiff's Writ of Habeas Corpus, (ECF No. 3),

8  Motion to Intervene, (ECF No. 6), Motion for Summary Judgment, (ECF No. 11), and Motion

9  for Judgment on the Pleadings, (ECF No. 13), are **DENIED as moot.**

10       **IT IS FURTHER ORDERED** that the Clerk is instructed to close the case.

11       **DATED** this __13__ day of October, 2022.

12

13       _____

14       Gloria M. Navarro, District Judge
         UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25